UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, | No. 2:18-cv-1232 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| T. BERNAL, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.    Complaint

Plaintiff alleges that his Fourteenth Amendment rights were violated when defendant Bernal, a superior court judge in Plumas County, admitted inadmissible evidence. ECF No. 1 at 3-13. He seeks release from prison and recusal or disqualification of defendant from any matters in which plaintiff appears. Id. at 3, 13.

II.    Failure to State a Claim

    A.    Defendant Is Immune

"[I]n any action brought against a judicial officer [under § 1983] for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 28 U.S.C. § 1983.

Defendant Bernal's ruling on the admissibility of evidence falls squarely within the scope of activity performed in his judicial capacity, and there is no indication that this action falls within § 1983's narrow exception to judicial immunity. Defendant Bernal is therefore immune from liability and the claims against him must be dismissed.

B. Scope of § 1983

State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Here, plaintiff requests that his conviction be vacated and he be immediately released from prison. ECF No. 1 at 3. Accordingly, this claim lies directly within the core of habeas corpus because he is challenging the validity of his continued confinement and a favorable determination would result in his speedier release. These allegations fail to state cognizable claims for relief under § 1983 and must be dismissed.

The court declines to offer plaintiff the option to convert his claims to an action for habeas corpus relief. Habeas petitions may be filed in the district of confinement or conviction, 28 U.S.C. § 2241(d), and based on the information provided in the complaint and attachments, plaintiff's claims relate to his capital conviction out of Alameda County (id. at 6, 15-16, 24) and he is currently incarcerated in Marin County, both of which are situated in the Northern District of California, 28 U.S.C. § 84(a). Therefore, if plaintiff wishes to challenge his conviction or sentence, he will need to do so by filing a petition in the United States District Court for the Northern District of California.

III. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se

litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, for the reasons explained above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

IV.     Plain Language Summary of this Order for a Pro Se Litigant

Your claims should be dismissed because even if they are true, the defendant is immune to suit under § 1983. The court will not convert your complaint to a habeas petition because if you want to bring a habeas petition, you need to file it in the United States District Court for the Northern District of California.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3